## Pennsylvania Railroad Co. *versus* Fries.

1. Negligence is the absence of care according to the circumstances, and where the circumstances are unusual or an accident occurs, which could not reasonably have been anticipated, common carriers are not bound to make extraordinary provision therefor, and are not responsible for a loss thereby occasioned.

2. Where the evidence is insufficient to show negligence, it should not be submitted to the jury.

May 29th 1878. Before AGNEW, C. J., MERCUR, GORDON, PAXSON, WOODWARD and TRUNKEY, JJ. SHARSWOOD, J., absent.

Error to the Court of Common Pleas of *Blair county :* Of May Term 1878, No. 149.

Case by Thomas Fries against the Pennsylvania Railroad Company, to recover the value of certain household goods, which were burned in the cars of the company while in transit on its road.

When the goods were shipped, the plaintiff gave the company a release as follows: "That the said company shall be and hereby is fully released and discharged from all liability for loss, damage, delay, or otherwise whatsoever to said articles, and it is agreed that no claim or demand whatsoever, shall be made, under any circumstances whatever, on the said company, for or by reason of any damage, loss or delay, and that all such risks are assumed by the shipper."

The other material facts are stated in the opinion of this court.

The defendants asked the court below, Dean, P. J., to instruct the jury that there was no evidence of negligence on their part, which the court refused to do, and submitted the question of negligence on all the facts of the case. The verdict was for plaintiff, and the defendants then took this writ and assigned this action of the court for error.

*D. J. Neff* and *L. W. Hall*, for plaintiffs in error.—The special contract relieved the company from all liability, unless through negligence, and the burthen was on the shipper, to show such negligence by satisfactory proof.   There was no evidence of a want of ordinary care, and there was no evidence from which the jury had a right to infer negligence.   What given state of facts constitute negligence is not for the jury, but is a question of law: Catawissa Railroad Co. *v.* Armstrong, 2 P. F. Smith 282; Balt. & Potomac Railroad Co. *v.* Jones, The Reporter, vol. 5, p. 129; Central Railroad Co. of New Jersey *v.* Feller, 3 Norris 226.   It was error to submit a question to the jury about which there was not sufficient evidence: Sartwell *v.* Wilcox, 8 Harris 117; Tower *v.* Clement 1 Casey 63; Silveus's Exrs. *v.* Porter, 24 P. F. Smith 448; Adams Express Co. *v.* Sharpless & Sons, 27 Id. 516.   The occasion of the loss was an extraordinary and inevitable accident, which could not be foreseen or provided against, and the company is not responsible: Pittsburgh, Fort Wayne & Chicago Railway Co. *v.* Gilleland, 6 P. F. Smith 445.

*Alexander & Herr* and *Samuel S. Blair*, for defendant in error.

Mr. Justice PAXSON delivered the opinion of the court, June 17th 1878.

The assignments of error in this case are so framed that their affirmance would have withdrawn the case from the jury.   They were intended to have that effect.   They all bear upon the question whether the company were guilty of such negligence as to make them responsible for the loss of plaintiff's property.   The defendants in their seventh point (sixth assignment), asked the court to instruct the jury that upon the whole evidence in the case the defendants were entitled to a verdict.   The court declined the instruction prayed for and allowed the jury to pass upon the question of negligence.   The jury having found the negligence, the defendants would be concluded if there was sufficient evidence to submit to them.   This is the question we are now called upon to determine.

The facts of the case are exceptional in their character.   On the 19th of May 1875 the plaintiff below shipped three car loads of goods from Altoona to Houtzdale.   The cars arrived at Osceola, a point on the Tyrone and Clearfield Railroad, at half past eleven o'clock on the morning of May 20th.   As the train over the branch road to Houtzdale did not leave until the afternoon, the cars were run on the siding, where it was usual to place the freight for Houtzdale, preparatory to being drawn by another locomotive over the Moshannon Branch Railroad to that point.   For several days previous to this a fire had been burning in the woods in the vicinity of Osceola, but it had been so far subdued that no especial anxiety

· [Pennsylvania Railroad Co. *v.* Fries.]

was felt by the citizens of the town for its safety.   Between 12 o'clock noon, and 1 P. M. of that day a high wind sprang up which increased rapidly to a tornado, and drove the fire towards the town. It soon reached the outskirts and spread with such rapidity that all efforts to check it were fruitless.   In about two hours the town was practically destroyed, some three hundred houses having been consumed by the flames.   The property of the citizens was nearly all burned ;  very few saved anything, and many had to fly for their lives.   The railroad company lost nearly all their property, including the depot and a large number of cars.   The three cars of the plaintiff were burned upon the siding where they had been placed. An effort was made by the employees of the company to get these cars out, but it was not successful.   The heat and smoke prevented the men from coupling them.   The attempt to do so was accompanied with no inconsiderable amount of danger, as the density of the smoke made it difficult to see the locomotive backing in and out.

It is very clear that the company were not responsible for the fire.   The high wind by which it was carried into the town was the act of God.   The cars were placed on the siding where it was customary to place cars destined for Houtzdale.   That the switch was contiguous to large piles of lumber was not material.   The cars were placed on the switch in the usual and proper course of business. The company had no reason to apprehend loss from that cause. The only point seriously pressed was that the company were guilty of negligence in not getting the cars off after the fire commenced. Upon this point there was at most but a scintilla of proof.   Negligence is the absence of care according to the circumstances.   The circumstances here, as has already been said, were unusual.   The company were not bound to have an extraordinary force on hand, for they had no reason to anticipate such a disaster.   It is too much to expect every man to act with coolness and judgment in the midst of such an appalling scene.   It is clear, however, that the employees of the company did all that could be reasonably expected of them to save life and property.   A portion of their time was employed in aiding women and children to escape.   A large number were taken in the cars to a place of safety.   Had they turned their entire attention to plaintiff's property, neglected all other duties, and left helpless women and children to their fate, it is just possible they might have succeeded in getting the three cars off the siding.   They were not obliged, however, to sacrifice every feeling of humanity to the preservation of plaintiff's property ; and had they done so the evidence does not show that it would have been successful.   Had the company preserved its own property at the expense of plaintiff's, there would have been more reason to charge them with negligence.

The release which the plaintiffs below gave the company relieved

[Pennsylvania Railroad Co. *v.* Fries.]

the latter from all liability except for negligence. Of this there was not sufficient evidence to have submitted to the jury, and they should have had a binding instruction to find for the defendants.

　　　　　　　　　　　　　　　　　　Judgment reversed.